IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01427-BNB

IVAN L. MENDEZ, et al.,

Plaintiffs,

v.

ONE OF THE CONECTED [sic] WIRED MEMBERS OF A BIG INTERNATIONAL CRIMINAL ORGANIZATION, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 3 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Ivan L. Mendez, is a prisoner who currently is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. He submitted to the Court, *pro se* and on behalf of other Plaintiffs whose names are illegible (hereinafter "the illegible Plaintiffs"), two civil rights complaints, each of which contains an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Because the illegible Plaintiffs and Defendants named in the captions to the complaints are indecipherable, they are listed on the caption to this order as "et al." As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the submitted complaints were deficient.

Notwithstanding the deficiencies, Magistrate Judge Boyd N. Boland, in an order filed on June 17, 2010, directed the clerk of the Court to commence a civil action and directed Mr. Mendez and the illegible Plaintiffs to cure certain enumerated deficiencies if they wished to pursue their claims. Mr. Mendez specifically was directed to submit

within thirty days a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. Each illegible Plaintiff also were ordered to submit within thirty days a § 1915 motion and affidavit on the proper, Court-approved form together with a certified copy of each illegible Plaintiff's trust fund account statement for the six-month period immediately preceding this filing. All Plaintiffs were directed to sign and submit a Prisoner Complaint on the proper, Court-approved form and the $350.00 filing fee as an alternative to filing individual § 1915 motions and affidavits.

The June 17 order warned Mr. Mendez and the illegible Plaintiffs that if they failed to cure the designated deficiencies as directed within the time allowed the action would be dismissed without further notice. Mr. Mendez and the illegible Plaintiffs have failed within the time allowed to cure the designated deficiencies or otherwise to communicate with the Court in any way. Therefore, the complaints and the action will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order and cure the designated deficiencies as directed within the time allowed. Although the text of Rule 41(b) requires a defendant's motion to dismiss, "the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Even though one of the deficiencies Mr. Mendez failed to cure in this case was to file a motion for leave to proceed pursuant to § 1915, the Court notes that Mr. Mendez's

2

§ 1915 filings, according to www.pacer.pcl.gov, have been restricted by the United States District Court for the District of Delaware (District of Delaware) under what is known as the "three strikes" provision of § 1915. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of the District of Delaware's docketing records reveals that while he was a prisoner Mr. Mendez has, on three or more prior occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See Mendez v. Delaware Corr. Ctr.*, No. 05-cv-00303-JJF (D. Del. Dec. 1, 2005), *appeal dismissed*, No. 09-4691 (3d Cir. Mar. 31, 2010) (for failure to prosecute because appellant failed to pay the requisite filing fees); *see also Mendez v. Delaware Legal Sys.*, No. 05-cv-00304-JJF (D. Del. Dec. 1, 2005); *Mendez v. Delaware State*, No. 05-cv-00305-JJF (D. Del. Dec. 1, 2005), *appeal dismissed*, No. 09-4692 (3d Cir. Mar. 31,

2010) (for failure to prosecute because appellant failed to pay the requisite filing fees); and *Mendez v. Delaware Psychiatric Ctr.*, No. 05-cv-306-JJF (D. Del. Dec. 1, 2005), *appeal dismissed*, No. 09-4693 (3d Cir. Mar. 31, 2010) (for failure to prosecute because appellant failed to pay the requisite filing fees).

To date, Mr. Mendez initiated only one other action in this Court that was dismissed for failure to cure deficiencies. *See Mendez v. [No Defendants Named]*, No. 10-cv-00749 (D. Colo. May 10, 2010), *appeal dismissed*, No. 10-1260 (10th Cir. July 23, 2010) (for lack of prosecution). However, he initiated forty-two actions as a Plaintiff in the District of Delaware, the majority of which were dismissed after that court placed restrictions on his filings and he failed to cure deficiencies in new cases. In the following cases, for example, the deficiencies varied depending upon whether Mr. Mendez alleged he was in imminent danger of serious physical injury under § 1915(g). *See Mendez v. Doe*, No. 08-cv-00414-JJF (D. Del. Sept. 30, 2008) (failure to submit required trust fund account statement); *Mendez v. Harold*, No. 08-cv-00415-JJF (D. Del. Sept. 30, 2008) (failure to submit filing fee); *Mendez v. Counselor Ms. Johnson*, No. 08-cv-00416-JJF (D. Del. Sept. 30, 2008) (failure to submit required trust fund account statement); *Mendez v. Doe*, No. 08-cv-00417-JJF (D. Colo. Sept. 30, 2008) (failure to submit required trust fund account statement); and *Mendez v. Arello*, No. 08-cv-00418-JJF (D. Del. Sept. 30, 2008) (failure to submit required trust fund account statement).

This Court has made repeated efforts to allow Mr. Mendez to cure deficiencies and defects in his filings. However, the Court will not tolerate abuse of its limited

judicial resources by *pro se* litigants who initiate actions and then repeatedly fail to comply with Court orders to cure the defects in their filings. Mr. Mendez is warned that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) (per curiam). A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989). A plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Accordingly, it is

ORDERED that the complaints and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for the failure of Plaintiff, Ivan I. Mendez, and the Plaintiffs whose names are illegible to comply with a Court order and to cure the designated deficiencies within the time allowed and for their failure to prosecute.

DATED at Denver, Colorado, this __2nd__ day of __August__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01427-BNB

Ivan L. Mendez
Prisoner No. 453351
James T. Vaughn Corr. Center
1181 Paddock Road
Smyrna, Delaware 19977

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/3/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk